IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THEODORE L. HANSEN, et al.,** | **ORDER** |
| Plaintiffs, | Case No. 2:06-cv-00109-PGC-PMW |
| v. | |
| **NATIVE AMERICAN REFINERY COMPANY, et al.,** | District Judge Paul G. Cassell |
| | Magistrate Judge Paul M. Warner |
| Defendants. | |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G. Cassell pursuant to 28 U.S.C. § 636(b)(1)(A).

In an order dated May 11, 2007, the court granted Defendants Frederick W. Newcomb and Newcomb & Company's (collectively, the "Newcomb Defendants") counsel's motion to withdraw as counsel.[1]  In that order, the court ordered Mr. Newcomb to file a notice with the court naming retained counsel to represent him in his individual capacity or, alternatively, his decision to appear pro se.  *See* DUCivR 83-1.4(b).  The court further ordered Mr. Newcomb (as a representative for Newcomb & Company, which is an S corporation) to file a notice with the court naming Newcomb & Company's new counsel.  *See id.*; *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business

---

[1] *See* docket no. 84.

entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

On May 30, 2007, Mr. Newcomb filed the court-ordered notice for himself and for Newcomb & Company. In that notice, Mr. Newcomb indicated that he would be appearing pro se in his individual capacity.[2] In that same notice, Mr. Newcomb did not name Newcomb & Company's new counsel. Instead, Mr. Newcomb asked that the court allow him to represent Newcomb & Company pro se until the company is able to retain counsel. The court has interpreted this request as a motion for Mr. Newcomb to appear pro se on behalf of Newcomb & Company.[3]

At the hearing on the Newcomb Defendants' counsel's motion to withdraw, the court made it clear that under Tenth Circuit law, a corporation is not allowed to appear in court by way of a corporate officer or other representative appearing pro se. *See, e.g.*, *Wahatoyas*, 253 F.3d at 556. In the court's order granting the motion to withdraw, the court cited *Wahatoyas* as the authority for that proposition.

In his motion, Mr. Newcomb attempts to distinguish Newcomb & Company from the entity involved in *Wahatoyas*. Mr. Newcomb has misunderstood the court's reliance upon that case. While the court cited *Wahatoyas* for the principle that a corporation cannot appear in court pro se, *Wahatoyas* is but one case among many in the Tenth Circuit standing for that same

---

[2] *See* docket no. 90.

[3] *See* docket no. 91.

principle.  *See, e.g.*, *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir. 1966) ("[A] corporation can appear in a court of record only by an attorney at law."); *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.").  Further, the same principle has been recognized by the United States Supreme Court.  *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. 60, 65 (1840) ("[A] corporation cannot appear but by attorney . . . ."); *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself.").

Based on the foregoing authorities, it is well established that Mr. Newcomb cannot appear pro se on behalf of the corporate entity Newcomb & Company.  Therefore, Newcomb & Company's motion for Mr. Newcomb to appear pro se on behalf of the company is **DENIED**.

Mr. Newcomb has failed to notify the court of Newcomb & Company's new counsel within twenty (20) days, as required by the court's May 11, 2007 order and civil rule 83-1.4(b) of the Rules of Practice for the United States District Court for the District of Utah.  *See* DUCivR 83-1.4(b).  As a result, Mr. Newcomb and Newcomb & Company are hereby notified that Newcomb & Company is currently unrepresented by counsel in this case.  Newcomb & Company's status as an unrepresented party will continue until Newcomb & Company retains counsel and said counsel files a formal notice of appearance in this case.  Further, given the well-

established rule that Mr. Newcomb cannot appear pro se on behalf of Newcomb & Company, the court will neither allow nor recognize any actions taken by Mr. Newcomb on behalf of Newcomb & Company in this case.

**IT IS SO ORDERED**.

DATED this 1st day of June, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge