IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THEODORE L. HANSEN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**NATIVE AMERICAN REFINERY COMPANY, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:06-cv-00109-DB-PMW<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Theodore L. Hansen, et al.'s (collectively, "Plaintiffs") amended motion to amend the scheduling order in this case.[2]

Plaintiffs originally moved to amend the scheduling order on November 5, 2007.[3] On December 7, 2007, this court denied that motion.[4] In doing so, this court ruled that Plaintiffs had failed to provide adequate justification for their motion, which contained less than one page of argument. This court recognized that Plaintiffs had changed counsel in August 2007 and that this

---

[1] This case was previously assigned to former District Judge Paul G. Cassell, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A), *see* docket no. 40. In October 2007, this case was reassigned to Judge Benson, *see* docket no. 107, who affirmed that order of reference, *see* docket no. 108.

[2] *See* docket no. 134.

[3] *See* docket no. 111.

[4] *See* docket no. 122.

case was reassigned to Judge Benson in October 2007.  This court determined, however, that Plaintiffs failed to explain how those two events prevented them from commencing and completing their discovery prior to the existing discovery deadline of November 1, 2007.  In the absence of any such explanation, this court was left to conclude that Plaintiffs simply were not diligent in pursuing their discovery.  Further, the court noted that Plaintiffs had failed to specify the discovery they expected to undertake if the court granted their motion.  For those reasons, the court was unwilling to extend the deadlines in the scheduling order and, accordingly, denied Plaintiffs' motion.

On December 13, 2007, Plaintiffs filed an objection to that ruling with Judge Benson.[5]  In an order dated February 4, 2008, Judge Benson overruled that objection and affirmed this court's December 7, 2007 order.[6]

Soon thereafter, on February 11, 2008, Plaintiffs filed the motion before the court.  In that motion, Plaintiffs have finally articulated the factors this court should consider in determining whether discovery should be extended, *see Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), and presented arguments relative to those factors.  Those factors include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery

---

[5] *See* docket no. 123.

[6] *See* docket no. 132.

>   by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id*.

The court now turns to considering those factors as they relate to Plaintiffs' instant motion. First, because the currently scheduled trial date is over seven months away, trial is not imminent. Second, the court recognizes that Plaintiffs' motion is opposed. Third, the court is not persuaded that Native American Refinery Company, et al. (collectively, "Defendants") will be unduly prejudiced by an extension of discovery. Fourth, while the court is not convinced that Plaintiffs have been particularly diligent in pursuing discovery, it is willing to afford Plaintiffs the benefit of the doubt. In doing so, however, the court notes its disagreement with Plaintiffs' assertion that the reassignment of this case to Judge Benson "added an additional layer of complexity" to this case.[7] While Plaintiffs may have "naturally believed" that Judge Benson "may not wish to manage the case in accordance with the existing scheduling order,"[8] without an indication from the court to that effect, such a belief was unfounded. Fifth, based on the assertions of Plaintiffs' former counsel at the initial pretrial conference concerning the potential complexity of this case, the court has determined that it was foreseeable that Plaintiffs might need additional time to complete discovery. Sixth and finally, Plaintiffs have provided the court with an outline of the discovery they intend to undertake if their motion is granted, and the court is persuaded that there is a sufficient likelihood that said discovery will lead to relevant evidence.

---

[7] Docket no. 135, at 5.

[8] *Id*.

3

For these reasons, the court concludes that amending the scheduling order in this case is appropriate. Accordingly, Plaintiffs' motion is **GRANTED**.

Having determined that an extension of the relevant deadlines in the scheduling order is appropriate, the court must also determine the appropriate length of the extension. In one portion of their supporting memorandum, Plaintiffs request an extension of eight months.[9] In another portion, however, Plaintiffs request an extension of twelve months.[10] Based upon the circumstances, the court has determined that an extension of eight months is both adequate and appropriate. Accordingly, the court will extend the fact discovery deadline to a date approximately eight months from the date of this order. As to the deadlines following the discovery deadline, the court will also extend those deadlines to dates that preserve the approximate spacing of the deadlines contained in the original scheduling order. An amended scheduling order reflecting the above-referenced extensions will be entered concurrently with this order.

**IT IS SO ORDERED**.

DATED this 9th day of April, 2008.

> BY THE COURT:
>
> *[signature: Paul M. Warner]*
>
> PAUL M. WARNER
> United States Magistrate Judge

---

[9] *See id.* at 7.

[10] *See id.* at 10.