IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| THEODORE L. HANSEN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIVE AMERICAN OIL REFINERY CO., et al., <br><br> Defendants. | **ORDER** <br><br> Judge Dee Benson <br><br> Case No.: 2:06-CV-109 |

Before the Court is Defendants Fred Newcomb's and Newcomb & Company's objection to the magistrate judge's Memorandum Decision and Order granting Plaintiffs' Amended Motion to Amend/ Correct Scheduling Order. Dkt. No. 140.

**Background**

On April 18, 2007, a scheduling order was entered in this case, which, among other things, set a fact discovery cut-off date of November 1, 2007. On November 5, 2007, four days after this deadline had passed, Plaintiffs filed a motion to extend this and several other deadlines in the scheduling order. Defendants opposed this motion on the basis that: Plaintiffs failed to diligently pursue discovery within the time frame provided; extending discovery would unnecessarily prejudice Defendants with additional expenses; and Plaintiff had not provided an adequate justification for extending the deadline.

In reviewing Plaintiffs' motion, the magistrate judge noted that the only reasons provided by Plaintiffs in support of their request were (1) Plaintiffs' change in counsel in August 2007,

and (2) the reassignment of this case from Judge Cassell to Judge Benson in October 2007. Plaintiffs failed, however, to explain how either of these two events prevented them from conducting discovery and diligently pursuing their case. Accordingly, the magistrate judge denied Plaintiffs' motion to extend the discovery deadlines. Order, December 7, 2007, Dkt. No. 122, p. 6 ("Without explanation, the court is left to assume that Plaintiffs simply were not diligent in pursuing their discovery."); *see also* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause . . . .").

Plaintiffs filed an objection to the magistrate judge's order on December 11, 2007, seeking a review of that decision by the Court. Dkt. No. 123. After reviewing Plaintiffs' objection and the record as it existed before the magistrate judge, the Court upheld the magistrate judge's decision, finding that the magistrate judge had a "sufficient basis for his determinations" and his decision was "neither clearly erroneous nor contrary to law." Order, February 4, 2008, Dkt. No. 132, p. 2.

Almost immediately thereafter, on February 11, 2008, Plaintiffs' filed their Amended Motion to Amend/ Correct Scheduling Order, finally articulating the factors the Court should consider in determining whether discovery should be extended and clearly addressing each one. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The magistrate judge granted Plaintiffs' Amended Motion on April 9, 2008. Order, April 9, 2008, Dkt. No. 140. Defendants have now objected. *See* Dkt. No. 142.

## Legal Standard

When reviewing non-dispositive orders of a magistrate judge, a district judge should set aside only those orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

The Court must affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**Analysis**

In determining whether discovery should be extended, a court should consider several factors. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). These factors include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id*.

Upon examining these factors, the magistrate judge found that the weight of the evidence favored a discovery extension. The magistrate judge determined that: trial was not imminent; Defendants' would not be unduly prejudiced by an extension; the need for an extension was foreseeable in light of the complexity of the case; and, that an extension would likely lead to relevant evidence.

Defendants argue that the magistrate judge's decision exceeds his discretion and is thus contrary to law. Defendants' Objections to April 9, 2008 Order, p. 4 (citing *United States v. Gioia*, 853 F. Supp. 21, 26 (D. Mass. 1994)). Defendants contend that because the Court has previously denied Plaintiffs' request to extend discovery, this is the law of the case and the magistrate judge is barred from reconsidering the issue. Furthermore, such an extension is unduly prejudicial to them and is unwarranted by the Federal Rules of Civil Procedure.

3

**I.     Law of the Case**

Defendants argue that the Court's previous denial of Plaintiffs' motion to extend the discovery deadlines is the law of the case and cannot now be altered. By objecting to the magistrate judge's previous order and thereby presenting the issue to the district court, Defendants contend that the Plaintiffs "ran the risk that the determination of the [district] court would bind them and prevent them from later raising the same issue." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F.Supp.2d 942, 957 (D. Minn. 2006).

But a ruling regarding scheduling is not a substantive ruling that somehow becomes the law of the case, never to be altered. Plaintiffs present motion is simply a renewed motion on a procedural issue that the Court may address at anytime.

Furthermore, the issues presented in this motion have not been previously addressed by the magistrate judge or this Court. Plaintiffs' first motion to amend was based on bald assertions of excusable neglect, providing almost no justification for why its motion should be granted. It was on this basis, and this basis alone, that the magistrate judge denied Plaintiffs' motion. This Court's affirmance of that decision was simply a determination that based on the record before the magistrate judge, his decision was neither clearly erroneous nor contrary to law.

The Court's prior ruling on this non-substantive issue does not constitute the law of the case with regard to scheduling. Accordingly, the magistrate judge appropriately addressed Plaintiffs' renewed motion to amend.

**II.    Prejudice**

Defendants next contend that the magistrate judge's order to reopen discovery is unduly prejudicial to them. This order has the effect of continuing the trial date for 14 months, which

the Defendants argue unfairly burdens them with significant additional expenses.  Defendants, however, are proper parties in this case.  *See* Order Denying Newcomb Defendants' Rule 12(b)(6) Motion to Dismiss, April 10, 2007, Dkt. No. 75.  They cannot avoid participating in discovery simply because it will cost them money.  With no other evidence of prejudice, Defendants' contention fails.

### III.     Federal Rule of Civil Procedure 6(b)(1)(B)

Fed. R. Civ. P. 6(b)(1)(B) allows for the extension of a deadline "if the party failed to act because of excusable neglect."  This "excusable neglect" standard requires more than simply demonstrating a good cause for the reopening of discovery.  It "requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period."  *In re Four Seasons Sec. Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974).  It appears that the Plaintiffs acted in good faith.  There is no indication that their delay in pursuing discovery was part of a strategy designed to gain a tactical advantage.  *Id*.  Plaintiffs were simply struggling to maintain legal representation and this appears to be the cause for their delay.  "Inasmuch as there was no showing of bad faith or prejudice to the [Defendants], the [magistrate judge's] ruling enlarging the time . . . was not erroneous."  *Id*. at 1291.

### Conclusion

For the foregoing reasons, Defendants' objection is DENIED.  The magistrate judge's Order granting Plaintiff's Motion to Amend/ Correct Scheduling Order stands.

IT IS SO ORDERED.

DATED this 10th day of June, 2008.

*[signature: Dee Benson]*

Dee Benson
United States District Judge