**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **THEODORE L. HANSEN, et al.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| | **Case No. 2:06-cv-109-DB-PMW** |
| **v.** | |
| **NATIVE AMERICAN REFINERY COMPANY, et al.,** | **District Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Theodore L. Hansen, et al.'s (collectively, "Plaintiffs") motion to compel[2] and (2) Defendant PT. Bank Negara Indonesia (Persero)'s ("BNI") cross-motion for entry of a protective order.[3]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  This case was previously assigned to former District Judge Paul G. Cassell, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A).  *See* docket no. 40.  In October 2007, this case was reassigned to Judge Benson, *see* docket no. 107, who affirmed that order of reference.  *See* docket no. 108.

[2]  *See* docket no. 145.

[3]  *See* docket no. 147.

### I.  Plaintiffs' Motion to Compel

Although the original complaint in this case was filed on February 6, 2006,[4] it was not until recently, on April 10, 2008, that Plaintiffs served certain requests for production on BNI. BNI responded to those requests on May 13, 2008.  BNI lodged both general and specific objections to all of the requests.  BNI's primary general objection is based upon its claim that it is entitled to immunity from the subject matter and personal jurisdiction of the court because it is a "foreign state" pursuant to the Foreign Sovereign Immunities Act (the "FSIA").  *See* 28 U.S.C. §§ 1602–1611.

According to Plaintiffs' statement of facts, on the same day that BNI responded to Plaintiffs' requests for production, Plaintiffs' counsel received an e-mail from BNI's counsel asking whether Plaintiffs' counsel would oppose a motion for judgment on the pleadings to be filed by BNI and whether he would stipulate that certain exhibits to that motion could be filed by BNI under seal.  Plaintiffs' counsel states that he responded to BNI's counsel's e-mail and indicated that Plaintiffs would oppose both BNI's motion for judgment on the pleadings and BNI's filing of exhibits to that motion under seal.

In their motion to compel, Plaintiffs argue that BNI should be ordered to produce documents in response to Plaintiffs' requests for production.  Plaintiffs acknowledge, without conceding, BNI's argument that it is entitled to immunity under the FSIA.  Plaintiffs correctly note, however, that BNI has failed to file an appropriate dispositive motion on that basis.

---

[4]  *See* docket no. 1.

Further, Plaintiffs argue that BNI is not entitled to immunity under the FSIA and, accordingly, that a motion for judgment on the pleadings based on that argument would be futile. For those reasons, Plaintiffs argue that discovery in this case with respect to BNI should move forward.

In its opposition to Plaintiffs' motion, BNI presents both procedural and substantive arguments. From a procedural standpoint, BNI argues that Plaintiffs' motion should be denied because it fails to comply with civil rules 7-1 and 37-1 of the Rules of Practice for the United States District Court for the District of Utah, *see* DUCivR 7-1, 37-1, as well as rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37. BNI asserts that Plaintiffs' motion does not comply with the requirements of rule 7-1 because it is not accompanied by a separate supporting memorandum and fails cite to any rule, statute, or other authority upon which the motion is based. *See* DUCivR 7-1(a), (b)(1). BNI also contends that Plaintiffs' motion fails to comply with both rule 37(a)(1) and rule 37-1(a) because Plaintiffs' counsel failed to satisfy his obligation to in good faith confer or attempt to confer with BNI's counsel in an attempt to resolve the discovery dispute without court action. *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a). BNI's final procedural argument is that Plaintiffs' motion fails to comply with rule 37-1(b) because it does not contain "a succinct statement, separately for each objection, summarizing why" BNI's responses to the discovery requests were inadequate. DUCivR 37-1(b).

From a substantive perspective, BNI urges the court to disregard Plaintiffs' assertion that a dispositive motion based on BNI's asserted immunity under the FSIA would be futile. BNI argues that whether such a motion would be futile is an issue to be determined by the court when that motion is filed, not as part of Plaintiffs' motion to compel. BNI also asserts that it intends to

3

file a motion for judgment on the pleadings once its cross-motion for a protective order (which will be addressed later in this order) is ruled upon by the court.  Finally, BNI asserts that the issue of its entitlement to immunity under the FSIA must be determined before it should be subjected to the burdens and costs of defending this case, including discovery.  *See, e.g.*, *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000) ("In order to preserve the full scope of [a foreign state's] immunity, the district court must make the critical preliminary determination of its own jurisdiction as early in the litigation as possible; to defer the question is to frustrate the significance and benefit of entitlement to immunity from suit." (quotations and citation omitted)); *Crist v. Republic of Turk.*, 995 F. Supp. 5, 12 (D.D.C. 1998) (mem.) (stating that "sovereign immunity is a critical preliminary determination of subject matter jurisdiction").

In their reply, Plaintiffs do not present arguments concerning the procedural errors related to their motion that were noted by BNI.  Instead, Plaintiffs' counsel argues, without success, that BNI's response to Plaintiffs' motion was not filed in a timely manner.[5]  In response to BNI's

---

[5]  Plaintiffs' counsel fails to recognize the interplay between rule 7-1(b)(3) of the Rules of Practice for the United States District Court for the District of Utah, *see* DUCivR 7-1(b)(3), and rule 6 of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 6, in computing the filing deadline for BNI's opposition to Plaintiffs' motion.  Plaintiffs' counsel correctly notes that Plaintiffs' motion was filed on June 20, 2008, and that BNI had fifteen days to respond under rule 7-1(b)(3).  *See* DUCivR 7-1(b)(3).  However, because that fifteen-day period expired on Saturday, July 5, the due date for BNI's opposition was extended to the next day that was "not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible," which was Monday, July 7.  Fed. R. Civ. P. 6(a)(3).  In addition, based on the type of service used by Plaintiffs for their motion, an additional three days were added, extending that due date to Thursday, July 10, 2008.  *See* Fed. R. Civ. P. 6(d).  Accordingly, BNI's July 10 response to Plaintiffs' motion was timely filed.

4

substantive arguments, Plaintiffs reiterate the same arguments made in their supporting

memorandum.

The court agrees generally with the proposition that BNI's entitlement to immunity under

the FSIA should be determined before it is subjected to the costs and burdens of discovery.  At

the same time, however, the court believes it is incumbent upon BNI to raise that issue by way of

an appropriate motion, which BNI has not yet filed.  If BNI were to file such a motion, the court

believes that it would provide valid grounds for halting discovery with respect to BNI until that

motion is ruled upon and the issue of BNI's entitlement to immunity under the FSIA is

determined by the district court.  Without such a motion, however, the court agrees generally

with Plaintiffs that discovery in this case should move forward as normal.

While it is not entirely clear to the court why BNI has not yet filed such a motion, one

basis for that delay appears to be that this case is still in the preliminary stages with respect to

BNI, notwithstanding the fact that the case originated over two years ago.  Indeed, it appears that

Plaintiffs only recently initiated discovery with respect to BNI.  In addition, a court ruling on

BNI's cross-motion for a protective order appears to be an issue that should be decided before

such a motion is filed.

Based upon the circumstances, including BNI's stated intention to file an appropriate

motion for judgment on the pleadings once its cross-motion for a protective order is resolved, the

court has determined that it is appropriate to have the issue of BNI's entitlement to immunity

under the FSIA determined before it is subjected to the costs and burdens of potentially

unnecessary discovery.  However, the court has also determined that BNI shall file said motion without further delay.

Accordingly, Plaintiffs' motion to compel[6] is **DENIED** without prejudice.  BNI shall have thirty (30) days from the date of this order to file its motion for judgment on the pleadings. If said motion is not filed within thirty (30) days, and BNI continues to rely upon its asserted immunity under the FSIA as a basis for refusing to respond to Plaintiffs' discovery requests, Plaintiffs are free to renew their motion to compel.  Prior to any renewal of Plaintiffs' motion to compel, however, their counsel is directed to ensure that he fulfills his obligation to in good faith confer or attempt to confer with BNI's counsel in an attempt to obtain the discovery without court action.  *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).

## II.  BNI's Cross-Motion for a Protective Order

As indicated above, BNI has stated that it is prepared to file a motion for judgment on the pleadings based on its asserted immunity under the FSIA.  Before doing so, however, BNI asks the court to enter its proposed protective order, which it asserts is needed to provide a means for maintaining the confidentiality of certain documents it wishes to submit in support of its motion for judgment on the pleadings.  More specifically, in order to support its assertion that the bank guarantees and letters of credit at issue in this case are forgeries, BNI intends to submit declarations from BNI officers whose names (or approximations of names) appear on the allegedly forged instruments, information concerning the process for the proper issuance of such

---

[6] *See* docket no. 145.

6

instruments by BNI, and the true signature cards of the BNI officers in question (collectively, the

"Confidential Documents").  BNI contends that the Confidential Documents contain sensitive

and confidential information, particularly in light of BNI's allegations that the instruments at

issue in this case are forgeries.  In order to protect the confidentiality of the Confidential

Documents, it appears that BNI would designate them as "Confidential—Attorneys' Eyes Only"

under the proposed protective order,[7] thereby restricting access to them and allowing BNI to file

them with the court under seal.

In response to BNI's motion, Plaintiffs indicate that while they are not opposed to the

entry of BNI's proposed protective order, they are opposed to BNI's designation of the

Confidential Documents as "Confidential—Attorneys' Eyes Only."[8]  Plaintiffs argue that they

must be able to refute BNI's contention that the instruments in question are forgeries and that, in

order to do so, Plaintiffs themselves must be able to view some or all of the Confidential

Documents.  Plaintiffs also claim that BNI has publicly disseminated much of the information

contained in the Confidential Documents in the past, and submits certain documents in support of

that claim.  Consequently, Plaintiffs' argue, BNI has waived the ability to designate the

Confidential Documents as "Confidential—Attorneys' Eyes Only"[9] under its proposed protective

order.

---

[7]  Docket no. 148, Exhibit A.

[8]  *Id*.

[9]  *Id*.

In its reply, BNI asserts that Plaintiffs' arguments are without merit.  In response to the argument that Plaintiffs themselves will need access to the Confidential Documents in order to refute BNI's allegation of forgery, BNI asserts that said argument does not comport with Plaintiffs' counsel's stated intention to retain a handwriting expert to render an opinion on the issue of forgery.  BNI correctly notes that its designation of the Confidential Documents as "Confidential—Attorneys' Eyes Only"[10] will not preclude Plaintiffs' experts from reviewing those documents.  As to the argument that BNI has publicly disseminated information in the Confidential Documents in the past, BNI correctly notes that the documents submitted by Plaintiffs were not produced by BNI but instead were produced by another named defendant in this case, Native American Refinery Company.  BNI also asserts that the names on the documents submitted by Plaintiffs identify only two of the BNI officers or employees named as defendants in this case and that the Confidential Documents identify many other BNI officers and employees not identified in the documents submitted by Plaintiffs.  Finally, BNI correctly notes that Plaintiffs have failed to provide any proof either that the documents they have submitted to the court contain official and genuine signatures of BNI officers or that BNI has ever publicly disseminated the information contained in the Confidential Documents.

The court has determined that BNI's proposed protective order is appropriate in this case, particularly in light of BNI's allegations concerning fraud and forgery with respect to the bank guarantees and letters of credit.  While Plaintiffs claim that they will suffer prejudice because

---

[10] *Id.*

they will be deprived of the ability to view the Confidential Documents, it appears that any such prejudice will be mitigated, and perhaps eliminated, by the ability of Plaintiffs' experts to view the Confidential Documents.

Accordingly, BNI's cross-motion for a protective order[11] is **GRANTED**, and its proposed protective order will be entered in the court docket immediately after entry of this order.  In addition, the court has concluded that it is appropriate under the circumstances to allow BNI to designate the Confidential Documents as "Confidential—Attorneys' Eyes Only"[12] under the protective order and to file those documents under seal with the court.

**IT IS SO ORDERED**.

DATED this 3rd day of September, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11]  *See* docket no. 147.

[12]  Docket no. 148, Exhibit A.

9